## Peck v. Sugden

On June 14, 1977, plaintiff filed a notice complaint against William Sugden, M.D. On July 19, 1977, plaintiff filed her complaint against said defendant. Thereafter, on July 28, 1977, defendant filed preliminary objections to the complaint, stating that all the treatment rendered by defendant to plaintiff occurred prior to the January 13, 1976, effective date of the Health Care Services Malpractice Act, 40 P.S. §1301.1008 (hereinafter the act). Plaintiff's answer to said preliminary objections was filed on August 5, 1977, and plaintiff therein admits that treatment given by defendant occurred prior to January 15, 1976 [sic].

Section 1003 of the act (40 P.S. §1301.1003) provides the following:

"Inapplicability to prior services. The provisions of this act do not apply to injuries or death from services rendered or which should have been rendered by a health care provider which occurred before the effective date of this act."

Therefore it is clear from the above-cited provision of the act, that the act and the arbitration panel system established thereunder, applies to cases only where the medical procedure giving rise to the

claim occurred on or after the effective date of the act, i.e., January 13, 1976. Plaintifff argues in its answer to said preliminary objections that notwithstanding section 1003, "Subsection 103, provides that the liability of an insurer is limited to 'only those claims made or reported during the currency of the policy period.'"

Plaintiff has misread section 103, which is a definition section. The portion of section 103 to which plaintiff makes reference is merely a definition of a "claims made" policy of professional liability insurance. It has no bearing whatsoever upon the jurisdiction of the arbitration panel system to hear and decide claims involving alleged acts of medical malpractice.

We will not rule at this time on our authority to transfer this action to an appropriate court of common pleas. If such a course of action is desired, an appropriate motion with a memorandum of law citing authority therefore should be filed promptly with the administrator.

## ORDER

And now, August 15, 1977, upon consideration of defendant's preliminary objections, and plaintiff's answer to said preliminary objections, it is hereby ordered and decreed that this action is dismissed for lack of jurisdiction.